## No. 18,216.

MARY E. THOMAS *v.* MABEL T. EATON, PROPONENT OF THE
LAST WILL AND TESTAMENT OF DAVIS C. THOMAS,
DECEASED.

(335 P. [2d] 270)

Decided February 9, 1959.

Mr. CHARLES E. LEIERER, Mr. FRED W. VONDY, Mr. FRED
J. PFERDESTELLER, for plaintiff in error.

Mr. ROBERT DELANEY, Mr. KENNETH BALCOMB, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error was the wife of Davis C. Thomas who died April 29, 1956, leaving a will in which his sister Mabel T. Eaton, the proponent, was named executrix and beneficiary. The wife, hereinafter referred to as Mary, filed a caveat and assigned as reasons therefor: (1) That at the time the will was signed her husband was not of sound and disposing mind; and (2) that it was signed, if at all, because of undue influence exerted by his sister Mabel, the proponent.

At the time the will in question was tendered for probate there was attached thereto one of three duly executed copies of an Agreement of Separation and Settlement of Property Rights, entered into between Mary and her husband, the deceased, on February 8, 1956.

Upon filing of the caveat the proponent filed a Motion to Strike or Dismiss the caveat, and as grounds therefor alleged that because of the separation agreement between Mary and the deceased, Mary was without sufficient interest to contest the probate of the will, having expressly waived and relinquished her rights to any of decedent's property, as spouse, heir-at-law or otherwise. The procedure followed by proponent in moving to dismiss was pursuant to the provisions of C.R.S. 1953, 152-5-35.

Upon appeal from a like order entered by the county court, the trial court adjudged that Mary was without sufficient interest to maintain a contest of the instrument offered as the last will and testament of Davis C. Thomas and granted the motion to dismiss the caveat and entered judgment accordingly. The cause is here by writ of error to review that judgment.

Mary resisted the motion to dismiss her caveat by challenging the validity of the separation and property settlement agreement on several grounds, namely: That

decedent was guilty of fraud and misrepresentation in securing her signature to the contract; and that it was procured as a result of undue influence on the part of decedent and the attorney who undertook to reduce the agreement, to which each had assented in his presence, to written form; that the said agreement was entered into by her under duress, coercion and undue influence exerted upon her by the deceased, causing her to be fearful to refuse to execute the same; that undue influence was exerted upon deceased by the proponent of the will to bring the agreement about; and that the agreement did not equitably divide the property between Mary and her husband.

The trial de novo in the district court lasted for three days.

The Separation Agreement was fully executed by transfer of property and adjustment of bank accounts, as provided therein. Thereafter Mary and the deceased lived separate and apart. The attorney who drew the agreement testified that, by agreement of the parties, the value placed on the property which each of them received resulted in a division under which Mary received cash or property of the value of $51,894.00; the deceased $52,494.00.

No good purpose would be served by detailing the evidence presented in the trial court. Suffice it to say that the evidence was ample to support the findings and conclusions of the court on the facts. The trial court found that the separation agreement was valid and binding upon Mary, and that by reason thereof she was without right to maintain a contest of the purported last will and testament of deceased. Upon the entry of those findings, amply supported by competent testimony and by circumstances which are undisputed, the case ends. The trial court did not in any particular misconstrue the applicable law. We quote from the findings of the trial court the following pertinent language:

"The findings which the Court is about to make and

the judgment which is about to be entered would be the same whether or not the testimony of Mary Thomas were considered as a part of the record and introduced in evidence without objection, or with objection being overruled. The right of Mrs. Mary Thomas to maintain a contest of the will of her husband, Davis C. Thomas, as I see the issues, depends entirely upon the validity of the agreement entered into between Mr. and Mrs. Thomas, identified here as Proponent's Exhibit 'A.' If that contract is valid and binding upon the parties, then Mrs. Thomas has by that instrument given up all her right to any interest in the property owned by her husband at the time of his death, either as his wife, his widow or his heir or legatee, or in any other capacity. And, if that is so, then she cannot maintain the contest.

"Mrs. Thomas claims that she was tricked and defrauded and deceived and overreached and a subject of duress and fear when she signed the Contract, Exhibit 'A.' If that is true, then her counsel, Mr. Parkison, is mendacious, is dishonest, has violated his sacred duty to his client, has violated his duty to the Court as an officer of the Court, has been recreant to his trust as a member of the bar, and those things are not true. Mr. Parkison is not that kind of a man and no one would ever dare claim it.

"It is the finding of the Court that the contract between these parties, Proponent's Exhibit 'A,' was entered into with full knowledge of the contents on the part of both parties; that ample opportunity was given to Mrs. Thomas to refuse to be a party to the contract; that at the time of the execution of that contract, and in all of the preliminary negotiations leading up to it, she was represented by able counsel who was fair in all respects to her and who was more than ordinarily careful to advise her of all of her rights.

"The Court finds the issues raised by the Motion to Strike or Dismiss the Caveat and the Answer and Amended Answer to the Motion in favor of the Pro-

ponent, Mabel T. Eaton, and against the Caveatrix, Mary Thomas, and the Motion to Dismiss the Caveat is granted."

We think it pertinent to direct attention to the circumstances that following the execution of the separation agreement Mary made no claim of duress, overreaching, fraud, coercion or complaint of any nature regarding the property settlement until after the death of decedent, although two months and twenty-one days intervened between the date of the contract and the death of her husband. During all this time she kept possession of the assets which she acquired under the agreement, and so far as this record discloses she still has them.

The judgment is affirmed.